IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILTON IRVON LOMBARD | § | |
| | § | |
| V. | § | CIVIL NO. 4:25-CV-762-P |
| | § | |
| SUSAN BAINS, ET AL. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case is now before the Court for review of *pro se* Plaintiff's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed his Complaint [doc. 1] on July 16, 2025. After reviewing the Complaint, the Court, in an order dated August 26, 2025, ordered Plaintiff to, *inter alia*, file an amended complaint because it could not ascertain what claims Plaintiff was bringing against each Defendant, whether the Court had jurisdiction, or whether Plaintiff had stated any claims on which relief could be granted [doc. 9]. The Court, in a separate order dated August 26, 2025, also ordered the Plaintiff, no later than September 15, 2025, to either comply with the local rules and register an email address and as an electronic case filer ("ECF") or file a motion for exemption from the ECF requirements [doc. 10]. On September 9, 2025, Plaintiff filed an Amended Complaint [doc. 12]. Plaintiff, as of the date of this order, has wholly failed to comply with the Court's order regarding registering as an ECF or filing a motion for exemption from such requirements.

Having reviewed Plaintiff's Amended Complaint, the Court finds that Plaintiff has not established that this Court has subject matter jurisdiction to hear this case. In his Amended

1

Complaint, Plaintiff appears to be suing Susan Bains, The Bains Family Trust, and the Texas Gardens Mobile Home Park for breach of contract, fraud, and intentional infliction of emotional distress ("IIED"). (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 4.) He also appears to be making claims against Michael Dolman ("Dolman"), the manager of the mobile home park. (*Id.* at 4-11.) Plaintiff states that he is seeking $88,000 in damages. (*Id.* at 11.) As to jurisdiction, Plaintiff states: "This jurisdiction is based on the rule of DIVERSITY. The Defendants live in California while the Plaintiff lives in Texas." (*Id.* at 1 (emphasis in original).) Furthermore, Plaintiff states:

> The Bains own the Texas Gardens Mobile Home Park. Since I moved away, they set up an LLC to hold the park.
>
> . . . .
>
> The BAINS FAMILY TRUST is the current proprietor and owner of Texas Gardens Mobile Home Park, located at 3909 Ohio Garden Rd[.], Fort Worth, TX 76114. I resided there under a lease-to-purchase agreement from approximately March 2021 to June 2022.[1] During that time, Susan Bains was the owner.
>
> During my tenure, I endured egregious mistreatment and harassment at the hands of the Manager, Michael Dolman, who served at the directive of Susan Bains, thus making her culpable. . . .
>
> Under the principle of **diversity**, this court constitutes the appropriate venue for adjudication, as the Texas Gardens Mobile Home Park is owned by residents hailing from California, while the Park itself is situated in Texas.

(Pl.'s Am. Compl. at 3, 5, 10 (emphasis in original) (footnote added).)

---

[1] The Court notes that it appears that Plaintiff filed an almost identical case in this Court in 2022 in cause no. 4:22-cv-770-Y. This case was dismissed without prejudice as Plaintiff failed to pay the required filing fee [doc. 8 in 4:22-cv-770-Y]. Even assuming this Court has subject matter jurisdiction to hear this case, it appears that, at the very least, Plaintiff's claim for IIED would be barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (two-year statute of limitations for personal injury actions); *Haire v. 5445 Caruth Haven Lane Apts. Owner LLC*, No. 3:21-CV-3127-S-BK, 2023 WL 9290938, at *2 (N.D. Tex. Aug. 14, 2023) ("In Texas, the statute of limitations for personal injury actions is two years, including claims for IIED . . . ."); *Despot v. Smith*, No. 4:14-CV-490-ALM-CAN, 2015 WL 13742440, at *7 (E.D. Tex. Nov. 2, 2015) ("The statute of limitations period for causes of action for intentional infliction of emotional distress . . . is two (2) years).

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction." *Contreras v. Wilson*, No. 4:22-CV-4015, 2023 WL 1998036, at *2 (S.D. Tex. Jan. 17, 2023), *rep. and recommendation adopted*, 2023 WL 1994401 (S.D. Tex. Feb. 14, 2023). The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. *See* 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the Constitution, federal courts lack power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing federal subject matter jurisdiction is on the party asserting it, which in this case is Plaintiff. *Willoughby v. U.S. ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

In this case, as Plaintiff has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction. Plaintiff, in his Amended Complaint, specifically bases his claim of subject-matter jurisdiction on diversity jurisdiction. (Pl.'s Am. Compl. at 1, 10.) Thus, to properly invoke diversity jurisdiction, Plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of other states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares

the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

As set forth above, Plaintiff has met the amount in controversy requirement as he is seeking over $75,000 in damages. As to citizenship, while not totally clear, Plaintiff, who resides in Paradise, Texas,[2] appears to be suing the following: (1) Susan Bains, who Plaintiff alleges is a citizen of California (Pl.'s Am. Compl. at 1; *see* Plaintiff's Original Complaint ("Pl.'s Compl.") at 2); (2) The Bains Family Trust; (3) The Texas Gardens Mobile Home Park, which Plaintiff alleges is located at 3909 Ohio Garden Rd., Fort Worth, Texas 76114 (Pl.'s Am. Compl. at 5), and (4) Michael Dolman, who Plaintiff alleges resides in Southlake, Texas (Pl.'s Compl. at 2). Based on this information, this Court does not have subject-matter jurisdiction to hear this case because there is not complete diversity of citizenship as Defendant Dolman and Plaintiff are both citizens of Texas.

Moreover, even assuming that Plaintiff did not intend to sue Dolman, Plaintiff has wholly failed to adequately allege the citizenship of Defendant The Bains Family Trust or Defendant The Texas Gardens Mobile Home Park. As to The Bains Family Trust, "the citizenship of a trust is determined by whether the trust is an unincorporated artificial entity or not." *Newport RE Grp., LLC v. Mayer*, No. 3:18-CV-02728-X, 2019 WL 13202216, at *1 (N.D. Tex. Oct. 3, 2019) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). "If the trust is an unincorporated artificial entity, then citizenship of the trust is determined by the citizenship of its members." *Id*. "If the trust is merely describing the fiduciary relationship between multiple people (a traditional trust), then citizenship is determined by the citizenship of the trustee." *Id*. As to

---

[2] Plaintiff's address listed on the Court's docket sheet indicates that he resides in Paradise, Texas. Plaintiff, in his Amended Complaint, attaches a document that also indicates he has an address in Bridgeport, Texas. (Pl.'s Am. Compl. at 38-39.)

Defendant The Texas Gardens Mobile Home Park, Plaintiff has failed to clearly allege the type of legal entity this Defendant is so that the Court can identify the citizenship of such entity.[3]

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers.  *See  Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Amended Complaint could result in a legally cognizable claim in this Court as either: this Court does not have subject-matter jurisdiction to hear this case if Plaintiff intended to sue Defendant Dolman or, if not, Plaintiff has failed to allege the necessary jurisdictional allegations for the Court to determine whether it has subject-matter jurisdiction to hear this case.  Moreover, Plaintiff has had more than one opportunity to file a complaint that complies with the Federal Rules of Civil Procedures and provides a basis for this Court to exercise subject matter jurisdiction.  Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court is left with no choice but to recommend dismissal of Plaintiff's claims.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED** for lack of subject-matter jurisdiction and for failing to comply with the Court's order regarding registering as an ECF.

---

[3] The Court notes that in his civil cover sheet, Plaintiff identifies Defendant Texas Gardens Mobile Home Park as an "LLS."  (Pl.'s Compl. at 11.)  Assuming that this is a typographical error and Plaintiff meant to state that Texas Gardens Mobile Home is a Limited Liability Company ("LLC"), the citizenship of an LLC for diversity purposes is determined by the citizenship of each member of the LLC.  *See Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F. 4th 657, 659 (5th Cir. 2024) ("We have repeatedly held that the citizenship of an LLC is determined by the citizenship of its members.").

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 16, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 2, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE