UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**WILTON IRVON LOMBARD,**

   Plaintiff,

v.                                          No. 4:25-cv-0762-P

**SUSAN BAINS, ET AL,**

   Defendants.

# ORDER

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on October 2, 2025. ECF No. 13. The FCR recommended that this case be dismissed for lack of subject-matter jurisdiction and for failing to comply with the Court's order regarding registering as an electronic case filer ("ECF"). Plaintiff Wilton Irvon Lombard ("Lombard") filed a Reply to the FCR on October 8, 2025. ECF No. 14. Although the Reply was not technically an objection to the FCR, we construe it liberally as an objection and conduct a *de novo* review. Accordingly, the Court adopts and accepts the reasoning of the Magistrate Judge's FCR and concludes that Lombard's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff sued Defendants alleging that they failed to return two deposits for a rental lease and a down payment on a rental home. On August 26, 2025, after reviewing the Complaint, the Magistrate Judge ordered Plaintiff to file an amended complaint clarifying what claims Plaintiff was bringing against each Defendant, whether the Court had jurisdiction, or whether Plaintiff had stated any claims on which relief could be granted. ECF No. 9. The Magistrate Judge also ordered Plaintiff to either comply with the local rules and register an email address and as an ECF or file a motion for exemption from the ECF requirements by September 15, 2025. ECF No. 10. On September 9, 2025, Plaintiff filed an Amended Complaint but did not comply with the Court's order regarding registering as an ECF or filing a motion for exemption from such requirements. ECF No. 12. The Magistrate Judge then issued its FCR to which Plaintiff filed a Reply. Although the Reply was technically not an objection to

the FCR, the Court reviews the matter *de novo* nonetheless.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Court agrees with the Magistrate Judge's conclusion that the Court does not have subject-matter jurisdiction to hear this case because there is not complete diversity of citizenship. Accordingly, the Court adopts and accepts the reasoning in the Magistrate Judge's FCR and reviews Plaintiff's Reply, which will be construed liberally as an objection.

### B. Plaintiff's Objections

1. <u>Plaintiff's asserts that complete diversity is satisfied.</u>

In the FCR explaining why Plaintiff has not established the complete diversity requirement, the Magistrate Judge explains that:

> "Plaintiff, who resides in Paradise, Texas, appears to be suing the following: (1) Susan Bains, who Plaintiff alleges is a citizen of California (Pl.'s Am. Compl. at 1; see Plaintiff's Original Complaint ("Pl.'s Compl.") at 2); (2) The Bains Family Trust; (3) The Texas Gardens Mobile Home Park, which Plaintiff alleges is located at 3909 Ohio Garden Rd., Fort Worth, Texas 76114 (Pl.'s Am. Compl. at 5), and (4) Michael Dolman, who Plaintiff alleges resides in Southlake, Texas (Pl.'s Compl. at 2)."

ECF No. 13 at 4.

Based on those findings, the Magistrate Judge concluded that Plaintiff was not completely diverse with (1) Defendant Michael Dolman, since he resides in Southlake, TX, (2) the Bains Family Trust, since Plaintiff did not allege its citizenship, and (3) The Texas Gardens Mobile Home Park, since Plaintiff did not allege the type of legal entity it is so the Court could identify its citizenship. *Id.*

In his Reply, Plaintiff attempted to cure these deficiencies by asking the Court to "omit any claims against Michael Doman" and to "omit any claims against Texas Gardens Mobile Home Park as that is simply a DBA." ECF No. 14 at 1. Although such a request would ordinarily be raised in a motion to

amend the complaint, even if the Court were to grant it, the issue of complete diversity would remain unresolved with respect to the Bains Family Trust.

Plaintiff alleges that the Bains Family Trust is an LLC and that the Bains are citizens of California. But for purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *See Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) ("We have repeatedly held that the citizenship of an LLC is determined by the citizenship of its members."). It remains unclear whether the Bains are the only members of the LLC or whether additional members exist. Accordingly, Plaintiff has not established that he is completely diverse from all parties in this case.

Ultimately, Plaintiff has had numerous opportunities to provide a basis for this Court to exercise subject matter jurisdiction. Now, the Court is left with no choice but to dismiss Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B). Thus, Plaintiff's objection is **OVERRULED**.

## CONCLUSION

After reviewing the FCR *de novo*, the Court **ADOPTS** and **ACCEPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections to the Magistrate Judge's FCR. ECF No. 13. Plaintiff's claims against Defendants are thus **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on this **20th day of October 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE